UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff, | ) ) ) ) | |
| v. | ) ) | No. 1:19-cv-00134-MSM-LDA |
| ADRIAN MONTALVO, Defendant. | ) ) ) ) | |

MEMORANDUM AND ORDER

Mary S. McElroy, United States District Judge.

Mr. Montalvo, indicted on three counts of drug trafficking and possession of an unlawful firearm, has moved to suppress tangible evidence three times; the previous two motions — to suppress fentanyl, the firearm, and photographs taken inside his apartment — were denied. (ECF No. 32 and Text Order, March 16, 2022.) This third motion seeks to suppress a cellphone seized from Mr. Montalvo at the time of his arrest as well as all evidence gleaned from the data on the phone.

The Court has determined that the record, developed with respect to those earlier motions which included an evidentiary hearing (ECF Nos. 55, 56), is adequate to rule on this third motion. For the reasons stated below, Mr. Montalvo's third motion to suppress (ECF No. 58) is DENIED.

## I.  FACTUAL BACKGROUND

The facts leading to the seizure of the cellphone began with the seizure of 30 grams of fentanyl from a confidential source ("C.S.") who told Pawtucket police that Mr. Montalvo and his girlfriend had supplied the drugs. (ECF No. 55, at 6.) The C.S. supplied names and addresses for both Mr. Montalvo and Erin Lawrence who, police had learned, lived together, and he identified Mr. Montalvo from photographs. The source claimed to have had personal knowledge of Mr. Montalvo dealing fentanyl over the course of five years. *Id.* at 11.

The source supplied a phone number which police were able to determine was associated with Mr. Montalvo. At the behest of police, the source made several unsuccessful attempts to call Mr. Montalvo to set up a drug buy. (ECF No. 25.) The police then commenced a surveillance of Mr. Montalvo which culminated in their search and seizure of four trash barrels he had placed on the curb for pickup outside of his home. The Court, in denying the first motion to suppress, upheld the constitutional admissibility of the fentanyl residue and other items indicative of drug-dealing found in those barrels. As a result of that seizure, police obtained a warrant to search Mr. Montalvo's apartment. (ECF No. 32.)

Meanwhile, before that warrant was executed, police stopped Mr. Montalvo after he drove away from his residence and arrested him.[1] *Id.* at 29, 34, 102. While

---

[1] Although police initially referred to Mr. Montalvo as "detained," ECF No. 55, at 30, the government has at times referred to its action as an "arrest," *e.g.,* ECF No. 62, at 8. It is clear from the testimony that Mr. Montalvo was arrested. He was not free to leave, would have been stopped had he tried to, and was taken immediately after the stop to the police station. (ECF No. 55, at 152, 153). Det. Dennis Smith

arresting him based on the evidence found in the trash barrels, police seized the cellphone that is the object of this motion to suppress.[2] *Id.* at 103. Mr. Montalvo was taken from where his vehicle was stopped to the Pawtucket police station. *Id.* at 153. The contents of the phone were not searched until after police obtained a separate search warrant authorizing that search.

Mr. Montalvo alleges there was no justification for the seizure of the phone. His challenge to the introduction into evidence of the contents of the phone therefore stems from what he claims is an unlawful arrest and an unlawful seizure, making the contents of the phone the fruits of the these allegedly unlawful activities. While he contends that the later warrant to search the phone did not "cure" the unlawful seizure, Mr. Montalvo has not challenged the sufficiency of the warrant itself. *See* Motion to Suppress, ECF No. 58.

## II.   ANALYSIS

The Court begins with the starting point for all challenges brought under the Fourth Amendment to the United States Constitution: any search or seizure carried out without a warrant issued upon probable cause is presumptively unlawful and is justified only if it falls within a specific exception to the warrant

---

testified that at the time of the stop he "believe[d] we had more than enough probable cause to arrest him with possession with intent." *Id.* at 29. Another officer, although not at the scene, acknowledged that Mr. Montalvo was arrested when or moments after he was "detained." (ECF No. 55, at 148.)

[2] Mr. Montalvo's keys to his residence were seized at the same time and police used those keys when they entered the apartment. Mr. Montalvo does not challenge the seizure of the keys. In light of the warrant police later obtained to enter and search the apartment, any challenge to the entry based on an unlawful seizure of the keys would fail as it was justified pursuant to the independent source of the warrant.

requirement. *Riley v California,* 573 U.S. 373, 382 (2014). When the government seeks to exploit such a search or seizure by introducing into evidence incriminating items found, it bears the burden of proving by a preponderance of the evidence that an exception to the warrant requirement justified the absence of a warrant. *United States v. Matlock,* 415 U.S. 164, 177 (1974).

One such exception occurs when a person is lawfully arrested and is carrying – or has within his immediate control – items that are reasonably believed to be contraband or evidence of the crime for which he is arrested. When a person is arrested in a vehicle, as Mr. Montalvo was, "it is 'reasonable to believe evidence relevant to the crime of arrest might be found in the vehicle.'" *Arizona v. Gant,* 556 U.S. 332, 343 (2009), quoting *Thornton v. United States,* 541 U.S. 615, 632 (2004). In that event, police may seize the item "incident to the arrest"; the seizure is lawful if the arrest itself was lawful and if the item was likely contraband or evidence of a crime.

In this case, Mr. Montalvo's arrest was clearly lawful. It occurred in a public place which obviated the need for an arrest warrant. *United States v. Watson,* 423 U.S. 411, 423-24 (1976). The lawfulness of a warrantless arrest depends upon whether, "at the time of the arrest, the 'facts and circumstances within the officer's knowledge ... are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense.'" *Silva v. Rhode Island,* 527 F. Supp. 3d 168, 176 (D.R.I. 2021) (citing *Holder v. Town of Sandown,* 585 F.3d 500,

504 (1st Cir. 2009). "The inquiry into probable cause focuses on what the officer knew at the time of the arrest, and should evaluate the totality of the circumstances." *United States v. Jones*, 432 F.3d 34, 41 (1st Cir. 2005) (internal citations omitted). Probable cause means "…the kind of 'fair probability' on which 'reasonable and prudent [people] act.'" *Florida v. Harris,* 568 U.S. 237, 244 (2013).

There were two facts from which probable cause to arrest arose in this case. First, when the confidential source was found in possession of 30 grams of fentanyl, he claimed he had bought it from Mr. Montalvo and his girlfriend. That established the C.S.'s personal knowledge of the incriminating event. While the source was a first-time informant, the details he gave about Mr. Montalvo, his address, and his telephone number, were corroborated, and he identified Mr. Montalvo from several different pictures.[3] (ECF No. 55, at 7.) Even the corroboration of innocent, non-incriminating details may provide a basis for crediting an informant. *United States*

---

[3] The Motion to Suppress filed by the defendant alleges, in purely general terms, a lack of probable cause. (ECF No. 58.) Although the defendant has known the story leading up to his arrest since at least the time of the evidentiary hearing, there is no claim in the Motion that the confidential source lacked reliability or credibility. *Illinois v. Gates,* 462 U.S. 213, 244-45 (1983) (totality of the circumstances may provide a substantial basis for crediting an informant's information). A motion to suppress must allege with particularity the grounds upon which it is based and it is not up to the Court to supply theories. There was no memorandum of law filed with the Motion which might have otherwise raised a complaint about reliance on the source's allegations. Nor has the defendant requested a hearing or opportunity to orally argue. *See United States v. Calderon,* 77 F.3d 6, 9 (1st Cir. 1996) (evidentiary hearing required only where defendant "allege[s] facts, 'sufficiently definite, specific, detailed, and nonconjectural, to enable the court to conclude that a substantial claim is presented.'" Despite the defendant's failure to challenge the police reliance on the source's information, the Court does address that issue as well as the question of whether the quantity of information established probable cause.

*v. Dixon*, 787 F.3d 55, 59 (1st Cir. 2015); *United States v. Greenburg,* 410 F.3d 63, 69 (1st Cir. 2005).  Importantly, the source's central accusation, that Mr. Montalvo was dealing fentanyl, was corroborated independently by the evidence police found in the lawful search of the trash barrels.  Moreover, the source was known to the police and was not anonymous.  *Florida v. J.L.*, 529 U.S. 266, 270 (2000) (known informant's tip more reliable than anonymous tip).

Second, and more directly, the police had clear probable cause that Mr. Montalvo possessed the fentanyl found in the trash barrels they saw him placing on the curb and removing from the curb after the trash pick-up.  The Court has already upheld the search of the barrels and seizure of the fentanyl.  The indicia of ownership of the barrels and their contents that police observed was sufficient to connect Mr. Montalvo to possession of the fentanyl and to arrest him for it.  (ECF No. 55, at 95) (testimony from police detective that "I have probable cause to arrest him based off the trash pull.").

If an arrest is lawful, police may search both the arrestee and the area within his immediate control for contraband and evidence of the crime.  *Arizona v. Gant,* 556 U.S. 332, 343 (2009); *Chimel v. California*, 395 U.S. 752, 762-763 (1969) ("it is entirely reasonable for the arresting officer to search for and seize any evidence on the arrestee's person in order to prevent its concealment or destruction".)

Generally, police who find a cell phone during a search incident to arrest may seize the phone.[4]  *United States v. Olivera,* Cr. No. 21-12 (DRD), 2022 WL 3334607, at *9 (D.P.R. Aug. 12, 2022).  Cell phones are "common tools of the drug trade," *United States v. Hernandez-Mieses*, 931 F.3d 134, 140 (1st Cir. 2019), and, therefore, it is a fair inference that a cellphone found in the possession of a person reasonably believed to be dealing drugs is evidence of that crime.  Mr. Montalvo was carrying the cellphone at the time of his arrest. (ECF No. 55, at 115.)  Police had probable cause specific to Mr. Montalvo to believe that he conducted his drug-dealing business by telephone.  The informant alleged having purchased 30 grams of fentanyl from Mr. Montalvo and, just prior to Mr. Montalvo's arrest, had attempted to make another purchase by calling his cellphone.  There was testimony that on a previous occasion the informant had, by telephone, arranged to meet Mr. Montalvo to purchase fentanyl.  *Id.* at 59.  It appears that Mr. Montalvo was carrying only the one cellphone, as police seized no others.  The inference, therefore, is strong that the cellphone seized was an instrumentality of the crime and therefore within the "search incident to arrest" umbrella.

### III.   CONCLUSION

The seizure of Mr. Montalvo's cellphone was lawful.  The later search of its contents was carried out pursuant to a warrant whose sufficiency is not challenged.

---

[4] Authority to seize the phone is not authority to search its contents.  Once the phone is in their possession, police are required to obtain a warrant justifying the search of the data on the phone.  *Riley v. California,* 573 U.S. 373, 401 (2014), In this case, a warrant was obtained and the sufficiency of the affidavit and the warrant are not challenged.

Therefore, both the cellphone and its contents are admissible and Mr. Montalvo's Motion to Suppress (ECF No. 58) is DENIED.

IT IS SO ORDERED:

_____
Mary S. McElroy,
United States District Judge


Date:  January 13, 2023